IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 0 9 2010

MATTHEW J. DYKMAN
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Cr. No. 10-459 JEC |
| CAROL I. DRAPER, | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, **CAROL I. DRAPER**, and the Defendant's counsel, Kirtan Khalsa:

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

    a. to plead not guilty, or having already so pleaded, to persist in that plea;

    b. to have a trial by jury; and

    c. at a trial:

        1) to confront and cross-examine adverse witnesses,

        2) to be protected from compelled self-incrimination,

3) to testify and present evidence on the Defendant's own behalf; and

4) to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The Defendant agrees to waive these rights and to plead guilty to Counts 2 and 3 of the indictment, Count 2 charging a violation of 42 U.S.C. § 1383(a)(3), that being Social Security Fraud (Supplemental Security Income) Count 3 charging a violation of 18 U.S.C. § 1001, that being False Statement.

## SENTENCING

4. The Defendant understands that the maximum penalty the Court can impose is:

   a. As to each of both Counts 2 and 3, imprisonment for a period of not more than five years;

   b. As to each of both Counts 2 and 3, a fine not to exceed the greater of $250,000.00 or twice the pecuniary gain to the defendant or pecuniary loss to the victim;

   c. As to each of both Counts 2 and 3, a mandatory term of supervised release of not more than five years that must follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked -- even on the last day of the term -- and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

      d.      As to each of both Counts 2 and 3, a mandatory special penalty assessment of $100.00; and

      e.      restitution as may be ordered by the Court.

5. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6. The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A. In this case, the Defendant agrees to pay restitution in the approximate of not more than $28,485.96 to the Social Security Administration.

7. The United States reserves the right to make known to the United States Pretrial Services and Probation Office and to the Court, for inclusion in the presentence report to be prepared under Federal Rule of Criminal Procedure 32 any information the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADMISSION OF FACTS

8. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove the following facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt:

3

In the course of a Social Security Administration investigation, Special Agent (SA) Robert Latimer learned that the **defendant** had defrauded the SSA Title XVI program by receiving Supplemental Security Income (SSI) benefits for herself and two children while concealing that her husband, **J.D.**, was living in the household. The approximate loss to the United States was no more than $28,485.96.

On June 23, 2009, SA Latimer reviewed the SSA database relating to the **defendant.** This database noted that the **defendant** had applied for benefits on February 21, 2006.

SA Latimer also established that the **defendant's** husband had generated substantial wages from the year 2005 through November 2009 and had earned $20,911.89 in 2008.

On June 24, 2009, regarding a residence at 4605 Hilton Avenue NE, Albuquerque, New Mexico, 87110, SA Latimer learned that the **defendant** and her husband had been renting this residence and living together at this residence for the 17 months that preceded June 24th, 2009. The names of both the **defendant** and her husband appeared on the rental agreement.

On September 11, 2009, SA Latimer determined that the **defendant** was in the process of moving from apartment 90 to apartment 208 and that lease agreement identified the **defendant** and her husband as the rentors.

On September 15, 2009, SA Latimer interviewed the **defendant** at the Albuquerque SSA office. The **defendant** proceeded to give SA Latimer a false statement, one which she reduced to handwriting and that she vouched for by signing the statement and by affixing to it her initials. In the course of this false statement, she lied when she stated that her

4

husband did not live with her, that he had not lived with her during the time that she received disability and that he did not provide any financial assistance to her or her children.

Later on September 15th, SA Latimer also learned that the **defendant's** husband had been living with the **defendant** for approximately five years and that they have not been separated at any time.

On September 15th, the **defendant** telephoned SA latimer to tell him that her previous statement had been false. She stated that her husband had in fact been living with her the entire time that she had been on SSI disability benefits. She agreed to provide another statement the next day, on September 16th

In this second statement, the **defendant** apologized for having not told the truth on the previous occasion. She confirmed that her husband had indeed been living with her continuously for the entire time that she had been on SSA disability benefits since approximately July 1999. She stated that she knew that it was wrong not to have told the SSA that her husband had been living with her. She indicated that when the second of her two sons was included in her application for SSA benefits it was indicated that she would be ineligible due to the combined wages earned by her and her husband. Then she reported to the SSA that her husband was no longer in the household. She went on to say that she was sorry for what she had done and that she was willing to repay the money to the SSA. She memorialized this statement by handwriting it, initialing it and signing it.

SA Latimer reviewed the **defendant's** SSI application and noted that the defendant filed it on February 21, 2006, and in the filing reported that her husband had moved out of the household on June 18, 2005, and that they had been separated since that date.

As a result of her failing to provide the SSA with the information regarding her husband's relationship to her household, the **defendant** was overpaid no more than approximately $28,485.96 in SSI benefits from July 2005 through November 2009. This amount includes benefits the **defendant** received as representative payee for her two sons.

9. By signing this agreement, the Defendant admits and declares under penalty of perjury that there is a factual basis for each element of the crime(s) to which the Defendant will plead guilty. The Defendant agrees that the Court may rely on any of the facts stated herein, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

10. The United States and the Defendant stipulate as follows:

   a. As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Consequently, pursuant to U.S.S.G. § 3E1.1, so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the Defendant personally providing to the United States Probation Officer who prepares the presentence report in this case an appropriate oral or written statement in which the Defendant clearly establishes the Defendant's entitlement to this reduction. Further, the United States is free to withdraw this stipulation if

the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this agreement and the sentencing hearing. Such conduct would include committing additional crimes, failing to appear in Court as required, and/or failing to obey any conditions of release that the Court may set.

b. The Defendant agrees to pay full restitution to all the victims of the Defendant's crimes related to this case. As of the date of the signing of this plea agreement, the parties estimate the approximate total principal loss to be not more than $28,485.96. The Defendant reserves the right to argue for a lower loss-restitution amount at sentencing after a review of documents that may be available for future review.

c. Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

d. Apart from the stipulations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

11. The Defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence. The Defendant understands that if the Court does not accept any one or more of the above stipulations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty. In other words, regardless of any stipulations the parties may enter into, the Defendant's final sentence is solely within the discretion of the Court.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

12. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

## WAIVER OF APPEAL RIGHTS

13. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a Defendant the right to appeal a conviction(s) and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal his conviction(s) and any sentence, including any order of restitution, within the applicable advisory guideline range as determined by the Court. The Defendant specifically agrees not to appeal the Court's resolution of any contested sentencing factor in determining the advisory sentencing guideline range. In other words, the Defendant waives the right to appeal both the Defendant's conviction(s) and the right to appeal any sentence imposed in this case except to the extent, if any, that the Court may depart or vary upward from the advisory sentencing guideline range as determined by the Court. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

## GOVERNMENT'S AGREEMENT

14. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

   e. Following sentencing, the United States will move to dismiss Counts 1 and 4 of the above-captioned indictment.

   f. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

15. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

16. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

17. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

18. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $200.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

19.     This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 9th day of November, 2010.

KENNETH J. GONZALES
United States Attorney

PAUL H. SPIERS
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

KIRTAN KHALSA
Attorney for the Defendant

I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it.

**CAROL I. DRAPER**
Defendant